UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WLLIAMS,

Plaintiff,

-against-

ROSE M. SINGER CORRECTIONAL FACILITY, ET AL.,

Defendants.

25-CV-10026 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated and entered on February 20, 2026, the Court dismissed the complaint, without prejudice to Plaintiff's refiling, for Plaintiff's failure to pay the filing fees or file an application to proceed *in forma pauperis* ("IFP") and a prisoner authorization. (ECF 5.) The Clerk of Court entered judgment on February 26, 2026. (ECF 6.) On July 28, 2026, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit (ECF 8) and a motion for an extension of time to file a notice of appeal (ECF 7). For the reasons set forth below, the Court denies Plaintiff's motion.

**DISCUSSION**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if the motion is filed within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). Even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60

days after entry of judgment. *Id*. at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained."). Plaintiff's motion was filed on July 28, 2026, more than 60 days after the entry of judgment on February 26, 2026. The motion is therefore untimely, and the Court cannot, under Rule 4(a)(5)(A), extend the time to appeal.

Beyond the 30-day period for seeking an extension, a district court may reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal within 21 days after entry; (2) the motion is filed within 180 days after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

In her motion, Plaintiff states, "I was released from incarceration without no reentry assistan[ce] from my defense attorneys nor social worker from state or Rose M. Singer Correctional Facility + her change of address."[1] (ECF 7, at 1.) While Plaintiff's allegations, construed liberally, suggest that she changed addresses when she was released from custody, she does not allege that she did not receive notice of the judgment she seeks to appeal within 21 days after entry. Nor does Plaintiff allege any facts—such as the date of her release from custody—that may support an inference that she did not receive notice of the judgment within that time. There is also no indication that the court's order of dismissal and judgment, which were mailed to Plaintiff, were returned as undeliverable or with a notation that Plaintiff is no longer at the address provided. Finally, even if Plaintiff did not receive notice of the judgment she seeks to

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's motion. All other spelling, grammar, and punctuation are as in the original unless otherwise noted.

appeal within 21 days of its entry, she does not allege when she actually did receive notice of the judgment or that she filed this motion within 14 days of receiving notice of entry. Plaintiff thus cannot show any basis for reopening the time to appeal under Rule 4(a)(6).

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file an appeal. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 31, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge